# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JUSTIN ORTEGA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EVANS, Warden<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　　　／ | 1:08-cv-00894 DLB HC<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on June 9, 2008, in the United States for the Eastern District of California, Sacramento Division.  On June 25, 2008, the action was transferred to the Fresno Division.  (Court Doc. 4.)

　　　　In the petition, Petitioner raises the following two claims: (1) the trial court erred by denying his requested pinpoint jury instruction; and (2) due process violation by the use certain tainted testimony obtained by unethical behavior of a co-defendant's counsel.  (Petition, at 6-9.)

　　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court imposed a "total exhaustion" requirement that forbids a federal court from adjudicating a state prisoner's habeas corpus claims until all of the claims have been fairly presented to the highest state court with jurisdiction to

consider them.  Rhines v. Weber, 544 U.S. 269, 273-275 (2004); Baldwin v. Reese, 541 U.S. 27, 29 (2004).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. at 518; Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

On the form petition, Petitioner indicates that Ground One of the petition was presented to the California Supreme Court on direct appeal; however, Petitioner states that Ground Two "was not brought up on direct appeal reason due to ineff[e]ctive assistance of counsel by appeal lawyer. But is brought on this writ after requiring adequate legal research and assistance without any real delays!" (Petition, at 10.)

Because it appears that Ground Two of the instant petition is unexhausted, it is subject to dismissal, without prejudice. See <u>Rose v. Lundy</u>, 455 U.S. at 518. However, the Court must provide Petitioner with the opportunity to withdraw the unexhausted claim. See <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1016 (9th Cir. 2005). In the alternative, if the claim has been exhausted and if possible, Petitioner should present to the Court documentary evidence that the claims were

indeed presented to the California Supreme Court.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall show cause as to what claims, if any, were presented to the state's highest court;

2. If either of the two claims raised in the instant petition have not been exhausted, Petitioner may, at his option, move to withdraw the unexhausted claim and proceed with only the exhausted claim, otherwise the entire action will be dismissed for failure to exhaust the state court remedies; and,

3. Failure to comply with this order may result in the action be dismissed for failure to comply with a court order.  Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **July 11, 2008**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

4