# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JUSTIN ORTEGA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>EVANS, Warden,<br><br>　　　　　Respondent.<br>_____/ | 1:08-cv-00894 DLB HC<br><br>SECOND ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on June 9, 2008, in the United States District Court for the Eastern District of California, Sacramento Division.  (Court Doc. 1.)  By order of June 25, 2008, the petition was transferred to this Court.  (Court Doc. 4.)  On July 14, 2008, the Court issued an order to show cause regarding exhaustion as it appeared Ground Two of the petition was not exhausted.  (Court Doc. 7.)

　　　　On August 22, 2008, Petitioner filed a motion to stay and hold the petition in abeyance pending exhaustion of the unexhausted claim.  In his motion, Petitioner requests that the Court allow him the right to withdraw the unexhausted claim and hold the petition in abeyance while he returns to state court to exhaust the claim.  In the alternative, Petitioner states that he "is also enclosing (3) separate section of documents where petition may have unknowingly exhausted his 'ground two' on the writ of habeas corpus that he had first submitted dealing with the issue at

1  hand." (Motion, at 2.) Petitioner attaches what appears to be a copy of his state appellate brief in
2  which he challenged the trial court's error by denying his motion to exclude Roman's testimony
3  based on attorney misconduct. (Motion, Attachment C.)

4       As Petitioner was previously advised, a petitioner can satisfy the exhaustion requirement
5  by providing the highest state court with a full and fair opportunity to consider each claim before
6  presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971);
7  <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). The Court cannot determine whether
8  Ground Two of the instant petition was presented to the state's highest court, i.e. the California
9  Supreme Court. Accordingly, Petitioner is hereby ordered to submit, if available, a copy of the
10 petition filed in the California Supreme Court, or otherwise indicate what claims were raised to
11 the California Supreme Court.

12      Based on the foregoing, it is HEREBY ORDERED that:

13   1.   Within **twenty (20)** days from the date of service of this order, Petitioner shall
14       submit a copy of the petition filed in the California Supreme Court, or otherwise
15       inform the Court what claims were raised; and,
16   2.   Failure to comply with this order may result in a recommendation for dismissal of
17       the action for failure to comply with a court order.

18   IT IS SO ORDERED.

19   Dated:   **September 2, 2008**          /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE